## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Speaking Truth to Power,

2133 Saint James Place

Philadelphia, PA 19103

                Plaintiff,


U.S. Department of Commerce,

1401 Constitution Avenue, N.W.

Washington, D.C. 20230

                Defendant.

Case No.

## **COMPLAINT**

1.      Plaintiff Speaking Truth to Power (STTP) brings this action against the U.S. Department of Commerce ("Commerce") under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2022, seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA.

## **JURISDICTION AND VENUE**

2.      This Court has both subject matter jurisdiction and personal jurisdiction over the parties pursuant to 5 U.S.C. §§ 552(a)(4)(B) and 552(a)(6)(C)(i). The Court also has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 2201(a), and 2202.

3.      Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B).

4.      STTP timely appealed Defendant's adverse determination on its request pursuant to 5 U.S.C. § 552(a)(6)(A)(i)(III)(aa). Defendant failed to respond to STTP's appeal within twenty

working days, as required by 5 U.S.C. § 552(a)(6)(A)(ii), and STTP has therefore properly

exhausted all administrative remedies.

## PARTIES

5.     Plaintiff STTP is a Philadelphia, PA, based nonprofit organization organized under the

laws of Pennsylvania dedicated to promoting open government.

6.     Defendant Commerce is an agency within the meaning of 5 U.S.C. § 552(f)(1).

Commerce, by and through its component, the National Telecommunications and Information

Administration ("NTIA"), has possession, custody, and control of records to which STTP seeks

access and that are the subject of this Complaint.

## STATEMENT OF FACTS

7.     On January 15, 2021, STTP electronically submitted a FOIA request to the U.S.

Department of the Treasury seeking all records reflecting communications related to the federal

government's use of the SolarWinds Orion System, including procurement records. A copy of

the FOIA request is attached hereto as Exhibit A and incorporated herein.

8.     On January 26, 2021, NTIA acknowledged receipt of the FOIA request and sought

clarification with respect to the start date for STTP's search request. NTIA and STTP agreed to

proceed with a modified request with a timeframe from December 31, 2018, to December 31,

2020.

9.     On February 2, 2021, NTIA granted STTP's fee waiver request and expedited processing

request.

10.    NTIA noted its intent to provide responsive records on a rolling basis.

11.    On March 9, 2021, NTIA transmitted its first interim production. NTIA stated that this

production contained 20 records in 15 electronic files. Ten records were withheld "in part or in

their entirety" under Exemption 5, but without identifying any relevant privilege. An additional three records were withheld in part under Exemption 6. The remaining seven records were released in their entirety. A copy of NTIA's response is attached hereto as Exhibit B and incorporated herein.

12.     On April 7, 2021, NTIA transmitted its second interim production. NTIA stated that this production contained 40 records in 21 electronic files. 17 records were withheld "in part or in their entirety" under Exemption 5, but without identifying any relevant privilege. One additional record was withheld in part under Exemption 6. A copy of NTIA's response is attached hereto as Exhibit C and incorporated herein.

13.     NTIA referred 11 records referenced in the April 7, 2021, letter to the Department of Homeland Security and three records to the Department of Commerce "for a direct response[.]" The remaining nine records were released in their entirety.

14.     There are discrepancies in the stated numbers of records released by NTIA. In its letter dated March 9, 2021, NTIA stated that its response included 20 records. In its letter dated April 7, 2021, NTIA stated that its response included 40 records and that it has provided 60 records in total. However, the sum of the identified records in the April 7 letter is 41 and the sum of the records provided was 61.

15.     On April 26, 2021, NTIA transmitted its third interim production. NTIA stated that this production contained 48 records in 19 electronic files. 26 records were withheld "in part or in their entirety" under Exemption 5, but without identifying any relevant privilege. An additional seven records were withheld in part under Exemption 6. The remaining 16 records were released in their entirety. A copy of NTIA's response is attached hereto as Exhibit D and incorporated herein.

16.     There are discrepancies in the stated numbers of records released by NTIA. In its letter dated April 7, 2021, NTIA stated that its response included 48 records and that it had provided 91 records in total. However, the sum of the identified records in this letter was 49 and the sum of the records provided was 110.

17.     On May 12, 2021, NTIA transmitted its fourth and final production. NTIA stated that this production contained 140 records in 70 electronic files. 73 records were withheld "in part or in their entirety" under Exemption 5, but without identifying any relevant privilege. One additional record was withheld under Exemption 6. The remaining 66 records were released in their entirety. A copy of NTIA's response is attached hereto as Exhibit E and incorporated herein.

18.     There is a discrepancy in the stated number of records released by NTIA. In its letter dated May 12, 2021, NTIA stated that it had provided a total of 231 records; however, the total number of records provided was 250.

19.     On July 13, 2021, STTP timely filed an administrative appeal with NTIA concerning NTIA's final determination, objecting to: (a) the propriety of NTIA's withholding of records under FOIA Exemption 5; and (b) NTIA's referral of records to the Department of Homeland Security and the Department of Commerce, and the failure of either agency to respond to STTP's request. A copy of STTP's appeal is attached hereto as Exhibit F and incorporated herein.

20.     NTIA has not made a determination with respect to STTP's appeal.

21.     To date, STTP has not received a "direct response" from either the Department of Homeland Security or the Department of Commerce, and NTIA has not provided further information regarding the referred documents.

22.     Through NTIA's failure to make a determination regarding STTP's appeal within the time period required by law, STTP has constructively exhausted its administrative remedies and seeks immediate judicial review.

## PLAINTIFF'S CLAIM FOR RELIEF

### Violation of FOIA, 5 U.S.C. § 552

### Wrongful Withholding of Non-Exempt Records

23.     Plaintiff repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

24.     Plaintiff properly requested records within the possession, custody, and control of Defendant.

25.     Defendant is an agency subject to FOIA, and it must therefore release in response to a FOIA request any non-exempt records and provide a lawful reason for withholding any materials.

26.     Defendant has withheld records, either in part or in whole, pursuant to exemptions of the FOIA.

27.     Defendant has not set forth a legal justification for withholding those records beyond noting which exemptions apply and reciting the statutory definition of the exemptions.

28.     Defendant has not stated whether it took reasonable steps to segregate and release nonexempt information nor has it provided a legal justification for failing to segregate and release nonexempt information.

29.     Defendant has not explained how it complied with the FOIA's "foreseeable harm" standard.

30.    Defendant has failed to identify any relevant privilege(s) that justify its withholdings under Exemption 5.

31.    Defendant is wrongfully withholding non-exempt agency records requested by the Plaintiff by failing to produce non-exempt records responsive to the FOIA request.

32.    Defendant is wrongfully withholding non-exempt agency records requested by the Plaintiff by failing to segregate exempt information in otherwise non-exempt records responsive to the FOIA request.

33.    Defendant is wrongfully withholding non-exempt agency records referred to the Department of Homeland Security and the Department of Commerce.

34.    Defendant's failure to provide all non-exempt responsive records violates FOIA.

35.    Plaintiff STTP is therefore entitled to declaratory and injunctive relief requiring Defendant to promptly produce all non-exempt records responsive to the FOIA request and provide indices justifying the withholding of any responsive records withheld under claim of exemption.

## **REQUESTED RELIEF**

WHEREFORE, plaintiff respectfully requests the Court to:

(1)    Order Defendant to produce any and all non-exempt records responsive to STTP's FOIA request and indices justifying the withholding of any responsive records withheld under claim of exemption;

(2)    Enjoin Defendant from continuing to withhold any and all non-exempt records responsive to STTP's FOIA request;

(3)    Award STTP reasonable attorneys' fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(4)     Grant STTP such other relief as the Court deems just and proper.


Dated: September 24, 2021

Respectfully submitted,

*Signature*
**s/  Jules Zacher**
(P.A. Bar No. 20574)

Speaking Truth to Power
2133 Saint James Place
Philadelphia, PA 19103
(215) 988-0160
zacherlaw@gmail.com

*Counsel for Plaintiff*

# Exhibit A

January 15, 2020

Speaking Truth to Power
2133 St. James Place
Philadelphia, PA 19103
215-888-5183
zacherlaw@gmail.com
www.speakingtruthtopower.org

**VIA ONLINE PORTAL**

Departmental Offices
Disclosure Services
FOIA Request
Department of the Treasury
Washington, DC  20220
Ph: 202-622-0930
Fax: 202-622-3895

**Re: Freedom of Information Act Request**

Dear FOIA Officer:

Pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552, and the implementing regulations of the U.S. Department of the Treasury (Treasury), 31 C.F.R. Part 1, Subpart A, American Oversight makes the following request for records from the Departmental Offices of the Treasury.

In December 2020, national media sources began to report a significant hack of several government agencies by foreign advisories[1]. In the days that followed, it was revealed that the hack occurred through a popular IT management software called "Orion" developed by the Austin-based company SolarWinds. Tech sources have reported that the hack occurred in three phases:[2] 1. Around March 2020, hackers inserted malware into a component of legitimate software within the Orion system. The malware worked as a "backdoor" for the hackers to eventually gain access to Orion's customers. The software containing malware was then distributed to Orion's customers via Orion's semi-regular updates to its customers. 2. The hackers slowly tested the environment of the Orion system. They tested the backdoor, and, once gathering enough information, proceeded to obtain "command and control" of the system. During this phase, the hackers tested the backdoor by running and executing simple programs. Further, in this

---

[1] https://www.reuters.com/article/usa-cyber-treasury-idUSL1N2IT0I8
[2] https://www.microsoft.com/security/blog/2020/12/18/analyzing-solorigate-the-compromised-dll-file-that-started-a-sophisticated-cyberattack-and-how-microsoft-defender-helps-protect/

1

stage the hackers went to great lengths to evade detection and prepare for the next stage. 3. Once the hackers were able to run programs through the malware, they obtained "hands on control." In this stage the hackers were able to enter Orion's customers systems through the backdoor set up in stage 1 and tested in stage 2. Once inside customers systems, the hackers had access to customers' documents and emails, although it is still unclear as to the extent of the hackers' access. According to news reports, the Treasury's Departmental Office was one of the customers the hackers successfully entered and obtained "hands on control." According to these reports, Departmental Office emails, encryption keys and other sensitive information may have been accessed by the hackers.[3]

Speaking Truth to Power (STTP) submits this request to shine light on the processes and decision making which led to the Departmental Office's decision to use SolarWinds Orion system. Reports have indicated that Orion's "ease-of-use" was a major factor in the decisioning process, and, as a result security concerns may have been overlooked. Further, STTP is concerned that Orion became popular throughout the government without proper security checks, a proper bidding process and scrutinization.

### Requested Records

STTP requests that the Treasury Department's Departmental Office produce the following records within twenty business days:

1.  All records reflecting communications (including emails, email attachments, text messages, telephone call logs, calendar invitations, calendar entries,  letters, memoranda, meeting notices, meeting agendas, informational material, talking points, any handwritten or electronic notes taken during any oral communications, summaries of any oral communications, or other materials) of (a) stakeholders involved in the procurement, approval and decision-making process of  the licensing and or subscription of the SolarWinds Orion system (b) stakeholders involved in the verification, security checks and compliance information in the use of the SolarWinds Orion system. Please provide all responsive records from the date of the first mention of SolarWinds Orion until December 31, 2020.

2.  All records reflecting communications (including emails, email attachments, text messages, telephone call logs, calendar invitations, calendar entries,  letters, memoranda, meeting notices, meeting agendas, informational material, talking points, any handwritten or electronic notes taken during any oral communications, summaries of any oral communications, or other materials) of (a) stakeholders involved in the bidding process for third-party vendors (b) materials pertaining to the proper bidding process in place for all third party vendors (c) materials pertaining to any protocles or rules by which to test the

---

[3] https://www.politico.com/news/2020/12/21/treasury-suffered-serious-breach-in-solarwinds-hack-senator-says-449794

2

vulnerabilities of third-party software vendors (d) the result of any test, verification, investigation, or probe into SolarWinds' software's security before or after the Departmental Office of the Treasury began to use SolarWinds Orion (e) manuals, documents and any material provided by SolarWinds detailing appropriate security procedures for SolarWinds Orion, and best practices in terms of maintaining the proper security of SolarWinds Orion. Please provide all responsive records from the date of the first mention of SolarWinds Orion until December 31, 2020.

3. All records reflecting communications (including emails, email attachments, text messages, telephone call logs, calendar invitations, calendar entries, meeting notices, meeting agendas, informational material, talking points, any handwritten or electronic notes taken during any oral communications, summaries of any oral communications, or other materials) between any Departmental Office official and officials in other governmental departments and agencies mentioning SolarWinds Orion, Orion and SolarWinds. Please provide all responsive records from the date of the first mention of SolarWinds Orion until December 31, 2020.

4. All records reflecting communications (including emails, email attachments, text messages, telephone call logs, calendar invitations, calendar entries, meeting notices, meeting agendas, informational material, talking points, any handwritten or electronic notes taken during any oral communications, summaries of any oral communications, or other materials) between any Departmental Office official and officials in other governmental departments and agencies mentioning SolarWinds Orion, Orion and SolarWinds.

Key Terms:*

To ease the burden of Departmental Office officials' search, we have provided key terms.

1. Please provide all records reflecting communications (including emails, email attachments, text messages, telephone call logs, calendar invitations, calendar entries, meeting notices, meeting agendas, informational material, talking points, any handwritten or electronic notes taken during any oral communications, summaries of any oral communications, or other materials) with the combination of the key words in Column 1 with any of the key words in Column 2. Please provide all responsive records from the date of the first mention of SolarWinds Orion until December 31, 2020.

| Column I | Column II |
|---|---|
| i.   SolarWinds Orion | i.    Sales Process |
| ii.  Orion | ii.   Licensing |
| iii. SolarWinds | iii.  Subscription |
| | iv.   Contract |
| | v.    Vulnerabilities |
| | vi.   Security |

|  | vii. Concerns |
|  | viii. Approval |
|  | ix. Ease of use |
|  | x. Management |
|  | xi. Whistleblower |

*To the extent that your agency has the capacity to run boolean searches, STTP believes that constructing a search string or strings from the terms listed above would be most effective in the search for responsive records. STTP is available to work with you to construct an appropriate search, based on your search capabilities, to most efficiently identify responsive records.

**Guidance Regarding the Search & Processing of Requested Records**

In connection with its request for records, STTP provides the following guidance regarding the scope of the records sought and the search and processing of records:

> Please search all locations and systems likely to have responsive records, regardless of format, medium, or physical characteristics. For instance, if the request seeks "communications," please search all locations likely to contain communications, including relevant hard-copy files, correspondence files, appropriate locations on hard drives and shared drives, emails, text messages or other direct messaging systems (such as iMessage, WhatsApp, Signal, or Twitter direct messages), voicemail messages, instant messaging systems such as Lync or ICQ, and shared messages systems such as Slack.

> In conducting your search, please understand the terms "record," "document," and "information" in their broadest sense, to include any written, typed, recorded, graphic, printed, or audio material of any kind. We seek records of any kind, including electronic records, audiotapes, videotapes, and photographs, as well as letters, emails, facsimiles, telephone messages, voice mail messages and transcripts, notes, or minutes of any meetings, telephone conversations or discussions.

> Our request for records includes any attachments to those records or other materials enclosed with those records when they were previously transmitted. To the extent that an email is responsive to our request, our request includes all prior messages sent or received in that email chain, as well as any attachments to the email.

> Please search all relevant records or systems containing records regarding agency business. Do not exclude records regarding agency business contained in files, email accounts, or devices in the personal custody of your officials, such as personal email accounts or text

4

messages. Records of official business conducted using unofficial systems or stored outside of official files are subject to the Federal Records Act and FOIA.15 It is not adequate to rely on policies and procedures that require officials to move such information to official systems within a certain period of time; STTP has a right to records contained in those files even if material has not yet been moved to official systems or if officials have, by intent or through negligence, failed to meet their obligations.[4]

Please use all tools available to your agency to conduct a complete and efficient search for potentially responsive records. Agencies are subject to government-wide requirements to manage agency information electronically,17 [5]and many agencies have adopted the National Archives and Records Administration (NARA) Capstone program, or similar policies. These systems provide options for searching emails and other electronic records in a manner that is reasonably likely to be   more complete than just searching individual custodian files. For example, a custodian may have deleted a responsive email from his or her email program, but your agency's archiving tools may capture that email under Capstone. At the same time, custodian searches are still necessary; agencies may not have direct access to files stored in .PST files, outside of network drives, in paper format, or in personal email accounts.

In the event some portions of the requested records are properly exempt from disclosure, please disclose any reasonably segregable non-exempt portions of the requested records. If a request is denied in whole, please state specifically why it is not reasonable to segregate portions of the record for  release.

Please take appropriate steps to ensure that records responsive to this request are not deleted by the agency before the completion of processing for this request. If records potentially responsive to this request are likely to be located on systems where they are subject to potential deletion, including on a scheduled basis, please take steps to prevent that deletion, including, as appropriate, by instituting a litigation hold on those records.

## Application for Expedited Processing

We request processing pursuant to 5 U.S.C 522(a)(6)(e); 22 C.F.R., §171.12(b); 28 C.F.R. §16.5(d); C.F.R. §286.4 (d)(3); and 32 C.F.R. § 1900.34(c). There is a "compelling need for these records because the information requested is urgently needed by an organization primarily engaged in disseminating information in order to inform the public about actual or alleged federal government activity. 5 U.S.C §552 (a)(6)(E)(v); see also 22 C.F.R. §171.12(b)(2); 28 C.F.R. §16.4(d)(1)(ii); 32 C.F.R. §286.4(d)(3)(ii); 32 C.F.R. §286.4(d)(30(ii); 32 C.F.R. §1900.34 (c)(2).

---

[4] *See Competitive Enter. Inst. v. Office of Sci. & Tech. Policy*, No. 14-cv-765, slip op. at 8 (D.D.C. Dec. 12, 2016).

[5]  Presidential Memorandum—Managing Government Records, 76 Fed. Reg. 75,423 (Nov. 28, 2011), https://obamawhitehouse.archives.gov/the-press-office/2011/11/28/presidential-memorandum-managing-government-records; Office of Mgmt. & Budget, Exec. Office of the President, Memorandum for the Heads of Executive Departments & Independent Agencies, "Managing Government Records Directive," M-12-18 (Aug. 24, 2012), https://www.archives.gov/files/records-mgmt/m-12-18.pdf.

The SolarWinds hack has led to important questions about the ability of the federal government to protect information on its servers. The public entrusts the government with an enormous amount of personal information, and therefore, the public has a significant interest in the government protection of their information. The government should also be transparent on the decisions and subsequent actions it takes to protect citizen's information as well as vital public interests.

**Application for Waiver or Limitation of Fees**

We request a waiver of search, review, and duplication fees on the grounds that disclosure of the requested records is in the public interest because it "is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." 5 U.S.C. §552(a)(4)(A)(iii); 22 C.F.R. § 171.17(a); *see also* 28 C.F.R. §16.11(k)(1); 32 C.F.R. § 286.28(d); 32 C.F.R. § 1900.13(b)(2).

The records sought in the instant Request will contribute significantly to public understanding of the government's adherence to or violation of federal statutes. Moreover, disclosure is not in Speaking Truth to Power's commercial interest. Any information disclosed by Speaking Truth to Power as a result of this Request will be available to the public at no cost. Thus, a fee waiver would fulfill Congress's legislative intent in amending FOIA. *See Judicial Watch v. Rosotti*, 326 F.3d 1209, 1312(D.C. Cir. 2003) ("Congress amended FOIA to ensure that it be "liberally construed in favor of waivers for noncommercial requesters." (citation omitted)); OPEN Government Act of 2007, Pub. L. No. 110-175, 121 Stat. 2524, § 2 (Dec. 31, 2007) (finding that "disclosure, not secrecy, is the dominant objective of the Act," but that "in practice, the Freedom of Information Act has not always lived up to the ideals of that Act").

We also request a waiver of search and review fees on the grounds that Speaking Truth to Power qualifies as a "representative of the news media" and the records are not sought for commercial use. 5 U.S.C. § 552 (a)(4)(A)(ii); 28 C.F.R. § 16.11(d). Accordingly, we request a waiver of all fees associated with the processing of the Request. 5 U.S.C. § 552 (a)(4)(A)(iii); *see also* 32 C.F.R. §286.28(e)(&); 32 C.F.R. § 1900.13 (i)(2); 22 C.F.R. § 171.15(c); 28 C.F.R. § 16.11(d) (search and review fees shall not be charged to "representatives of the news media"). Speaking Truth to Power meets the statutory and regulatory definitions of a "representative of the news media" because it is an "entity that gathers information of potential interest to a segment of the public, uses its editorial skills to turn raw materials into a distinct work, and distributes that work to an audience." 5 U.S.C. § 552 (a)(4)(A)(ii); *see also Nat'l Sec. Archive v. Dep't of Def.*, 880 F.2d 1381, 1387 (D.C. Cir. 1989); cf. *ACLU v. Dep't of Justice*, 321 F. Supp. 2d 24, 30 n.5 (D.D.C.2004) (finding non-profit public interest group to be "primarily engaged in disseminating information"). Speaking Truth to Power is a "representative of the news media" for the same reasons as it is "primarily engaged in disseminating information." *See Elec. Privacy Info. Ctr. V. Dep't of Def.*, 241 F. Supp. 2d 5, 10-15 (D.D.C. 2003) (finding non-profit public interest group that disseminated an electronic newsletter and published books was a "representative if the news media" for purposes of FOIA); see supra, section II. The legislative history of the fee waiver standard established by the 1974 amendments "clearly indicate" that Congress intended to create a public interest/benefit test for granting FOIA fee waivers that was to be "liberally construed". *Ettlinger v. FBI*, 596 F. Supp. 867, 872 (D. Mass. 1984)

If the Request is denied in whole or in part, we ask that you justify all deletions by reference to a specific FOIA exemption. We expect the release of all segregable portions of otherwise exempt

material. We reserve the right to appeal a decision to withhold any information or to deny a waiver of fees. Thank you for your prompt attention to this matter. Please furnish all applicable records to:

**Speaking Truth to Power**
**2133 St. James Place**
**Philadelphia, PA 19103**

I affirm that the information provided supporting the request for expedited processing is true and correct to the best of my knowledge and belief.

## Conclusion

If you have any questions regarding how to construe this request for records or believe that further discussions regarding search and processing would facilitate a more efficient production of records of interest to STTP, please do not hesitate to contact STTP to discuss this request. STTP welcomes an opportunity to discuss its request with you before you undertake your search or incur search or duplication costs. By working together at the outset, STTP and your agency can decrease the likelihood of costly and time-consuming litigation in the future. Where possible, please provide responsive material in an electronic format by email. Alternatively, please provide responsive material in native format or in PDF format on a USB drive. Please send any responsive material being sent by mail to STTP, 2133 St. James Place, Philadelphia, PA 19103. If it will accelerate release of responsive records to STTP, please also provide responsive material on a rolling basis. We share a common mission to promote transparency in government. STTP looks forward to working with your agency on this request. If you do not understand any part of this request, please contact Jules Zacher at zacherlaw@gmail.com. Also, if STTP's request for a fee waiver is not granted in full, please contact us immediately upon making such a determination.

Sincerely,

Jules Zacher
Speaking Truth to Power

JZ/mg
Email

# Exhibit B



**UNITED STATES DEPARTMENT OF COMMERCE**
National Telecommunications and
Information Administration
Washington, D.C. 20230

March 9, 2021

Mr. Jules Zacher
Speaking Truth to Power
2133 St. James Place
Philadelphia, PA 19103

     RE:   NTIA FOIA 21-027 (FOIA Online: DOC-NTIA-2021-000808)

Dear Mr. Zacher:

    On January 26, 2021, the National Telecommunications and Information Administration (NTIA), Office of the Chief Counsel, received your request pursuant to the Freedom of Information Act (FOIA), as amended (5 U.S.C. § 552). On that same date, NTIA acknowledged receipt and sought clarification of your request with respect to the start date for your search request. You responded and NTIA agreed to proceed with your modified request to include a time frame from December 31, 2018, to December 31, 2020. In general, you requested all records reflecting communications related to SolarWinds Orion, including procurement records. On February 2, 2021, NTIA granted your fee waiver request and expedited processing request.

    Enclosed please find the first interim response to your Freedom of Information Act (FOIA) request, NTIA FOIA 21-027. This response includes 20 records in 15 electronic files. Of these, 10 records are being withheld, in part or in their entirety, under Exemption 5 of the FOIA, which protects "inter-agency or intra-agency memorandums or letters that would not be available by law to any party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5). Three (3) records are being withheld in part under Exemption 6 of the FOIA, which protects certain information, the unveiling of which "would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). The remaining seven (7) records are being released in their entirety without redaction.

    NTIA is not providing appeal rights at this time. Department of Commerce FOIA regulations state that "appeals rights need not be provided with the interim response." 15 C.F.R. § 4.7(b). NTIA will provide appeals rights when it provides a final response to your request. NTIA will continue to provide responsive records on a rolling basis as those records are ready for release. If you have any questions regarding your request, please contact Stacy Cheney, Senior Attorney Advisor, via email at scheney@ntia.gov.

                Sincerely,

                Kathy D. Smith
                Chief Counsel

Enclosures

# Exhibit C



**UNITED STATES DEPARTMENT OF COMMERCE**
**National Telecommunications and**
**Information Administration**
Washington, D.C. 20230

April 7, 2021

Mr. Jules Zacher
Speaking Truth to Power
2133 St. James Place
Philadelphia, PA  19103

   RE: NTIA FOIA 21-027 (FOIA Online: DOC-NTIA-2021-000808)

Dear Mr. Zacher

   On January 26, 2021, the National Telecommunications and Information Administration
(NTIA), Office of the Chief Counsel, received your request pursuant to the Freedom of
Information Act (FOIA), as amended (5 U.S.C. § 552).  In general, you requested all records
reflecting communications related to SolarWinds Orion, including procurement records.
Enclosed please find the second interim response to your FOIA request, NTIA FOIA 21-027.

   This response includes 40 records in 21 electronic files.  Of these, 17 records are being
withheld, in part or in their entirety, under Exemption 5 of the FOIA, which protects "inter-
agency or intra-agency memorandums or letters that would not be available by law to any party
other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5).  One (1) record is
being withheld in part under Exemption 6 of the FOIA, which protects certain information, the
unveiling of which "would constitute a clearly unwarranted invasion of personal privacy." 5
U.S.C. § 552(b)(6).  In addition, NTIA will refer eleven (11) records to the Department of
Homeland Security and three (3) records to the Department of Commerce for a direct response to
you.  The remaining nine (9) records are being released in their entirety without redaction.

   To date, NTIA has provided 60 records in 36 electronic files.  NTIA is not providing
appeal rights at this time.  Department of Commerce FOIA regulations state that "appeals rights
need not be provided with the interim response." 15 C.F.R. § 4.7(b).  NTIA will provide appeals
rights when it provides a final response to your request.  NTIA will continue to provide
responsive records on a rolling basis as those records are ready for release.  If you have any
questions regarding your request, please contact Stacy Cheney, Senior Attorney Advisor, via
email at scheney@ntia.gov.

       Sincerely,

       Kathy D. Smith
       Chief Counsel

Enclosures

# Exhibit D



**UNITED STATES DEPARTMENT OF COMMERCE**
**National Telecommunications and**
**Information Administration**
Washington, D.C. 20230

April 26, 2021

Mr. Jules Zacher
Speaking Truth to Power
2133 St. James Place
Philadelphia, PA  19103

      RE:   NTIA FOIA 21-027 (FOIA Online: DOC-NTIA-2021-000808)

Dear Mr. Zacher:

      Enclosed please find the third interim response to your Freedom of Information Act (FOIA) request, NTIA FOIA 21-027.  In general, you requested all records reflecting communications related to SolarWinds Orion, including procurement records.

      This response includes 48 records in 19 electronic files.  Of these, 26 records are being withheld, in part or in their entirety, under Exemption 5 of the FOIA, which protects "inter-agency or intra-agency memorandums or letters that would not be available by law to any party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5).  Seven (7) records are being withheld in part under Exemption 6 of the FOIA, which protects certain information, the unveiling of which "would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6).  The remaining sixteen (16) records are being released in their entirety without redaction.  To date, NTIA has provided 91 records in 54 electronic files.

      NTIA is not providing appeal rights at this time.  Department of Commerce FOIA regulations state that "appeals rights need not be provided with the interim response."  15 C.F.R. § 4.7(b).  NTIA will provide appeals rights when it provides a final response to your request.  NTIA will continue to provide responsive records on a rolling basis as those records are ready for release.

      If you have any questions regarding your request, please contact Stacy Cheney, Senior Attorney Advisor, via email at scheney@ntia.gov.

                          Sincerely,

                          Kathy D. Smith
                          Chief Counsel

Enclosures

# Exhibit E



**UNITED STATES DEPARTMENT OF COMMERCE**
National Telecommunications and
Information Administration
Washington, D.C. 20230

May 12, 2021

Mr. Jules Zacher
Speaking Truth to Power
2133 St. James Place
Philadelphia, PA  19103

RE:    NTIA FOIA 21-027 (FOIA Online: DOC-NTIA-2021-000808)

Dear Mr. Zacher:

On January 26, 2021, the National Telecommunications and Information Administration (NTIA), Office of the Chief Counsel, received your request pursuant to the Freedom of Information Act (FOIA), as amended (5 U.S.C. § 552).  In general, you requested all records reflecting communications related to SolarWinds Orion, including procurement records.  Enclosed please find the fourth and final response to your Freedom of Information Act (FOIA) request, NTIA FOIA 21-027.

This response includes 140 records in 70 electronic files.  Of these, 73 records are being withheld, in part or in their entirety, under Exemption 5 of the FOIA, which protects "inter-agency or intra-agency memorandums or letters that would not be available by law to any party other than an agency in litigation with the agency."  5 U.S.C. § 552(b)(5).  One (1) record is being withheld in part under Exemption 6 of the FOIA, which protects certain information, the unveiling of which "would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6).  The remaining 66 records are being released in their entirety without redaction.  In total, NTIA has provided 231 records in 124 electronic files.

This concludes the initial determination by the Department.  You have the right to appeal an adverse determination of your FOIA request.  *See* 15 C.F.R. § 4.10(a).  An appeal must be received within ninety (90) calendar days of the date of this response by the Assistant General Counsel for Employment, Litigation, and Information (AGC-ELI), U.S. Department of Commerce, Office of the General Counsel, Room 5896, 1401 Constitution Ave., N.W., Washington, DC  20230.  You may also send your appeal by email to FOIAAppeals@doc.gov or by FOIAonline if you have an account at http://foiaonline.gov.

The appeal must include the following:  a copy of the original request; this response to the request; a statement of the reason why the withheld records should be made available; and the reason why denial of the records was in error.  The submission (including email and FOIAonline submissions) is not complete without the required submissions.  The appeal letter, the envelope, and the email subject line should be clearly marked "Freedom of Information Act Appeal."  The email, FOIAonline, and office of the AGC-ELI are monitored only on working days during normal business hours (8:30 a.m. to 5:00 p.m., Eastern Time, Monday through

Friday).  FOIA appeals posted to the email box, FOIAonline, or the office of the AGC-ELI after normal business hours will be deemed received on the next normal business day.

You may also contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration to inquire about FOIA mediation services.  The contact information for OGIS is as follows:  Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland  20740-6001; email at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.  You may also reach the Department's Acting FOIA Public Liaison, Bobbie Parsons, at 202-482-3257 or via email at bparsons@doc.gov, for additional assistance.

If you have any questions regarding your FOIA request, please contact Stacy Cheney, Senior Attorney Advisor, at scheney@ntia.gov.

Sincerely,

Kathy D. Smith
Chief Counsel

Enclosures

# Exhibit F

Speaking Truth to Power
2133 Saint James Place
Philadelphia, PA 19103
215-988-0160
zacherlaw@gmail.com
www.speakingtruthtopower.org


July 13, 2021


Mr. Brian D. DiGiacomo
Assistant General Counsel for
Employment, Litigation
and Information (AGC-ELI)
US Department of Commerce
Office of the General Counsel
Room 5896
1401 Constitution Ave., N.W.
Washington, D.C. 20230

RE:   Freedom of Information Act Appeal

Mr. Brian D. DiGiacomo:

     On January 15, 2021, Speaking Truth to Power ("STTP") requested documents under the Freedom of Information Act ("FOIA"). The request (Exhibit 1) was assigned the following identification number: NTIA FOIA 21-027. On May 12, 2021, STTP received a final response to the request in a letter signed by Kathy D. Smith, Chief Counsel (Exhibit 2). STTP hereby appeals the NTIA's response to the request.

     The records sought are important to shine light on the processes that led to the use of the SolarWinds Orion System, specifically whether security concerns may have been overlooked. Further, STTP is concerned that Orion became popular throughout the government without proper security vetting, a proper bidding process, and scrutinization. These records will contribute significantly to public understanding of the government's adherence to or violations of federal statutes.

     Of 250 documents, 126 were withheld, in part or in their entirety, under Exemption 5.[1] STTP appeals from the National Telecommunications and Information

---

[1] There are several discrepancies in the stated numbers of records released by NTIA. In its letter dated March 9, 2021 (Exhibit 3), NTIA stated that its response includes 20 records. In its letter dated April 7, 2021 (Exhibit 4), NTIA stated that its response includes 40 records and that it has provided 60 records in total; however, the sum of the identified

Administration's ("NTIA") response because NTIA has failed to justify its withholding of the documents under Exemptions 5.

I.      Exemption 5

No facts were provided to support NTIA's conclusion that 126 documents were properly withheld under Exemption 5. Indeed, NTIA declined to even disclose which privilege under Exemption 5 was being invoked. For example, NTIA does not explicitly invoke the deliberative process privilege, attorney work-product privilege, or attorney client privilege. This despite the requirement that in order "to justify nondisclosure under Exemption 5, an agency must show that the type of material it seeks to withhold is generally protected in civil discovery for reasons similar to those asserted by the agency in the FOIA context." *Burka vs U.S. Dept of Health and Human Services*, 87 F.3d 508, 516 (D.C. Cir. 1996). Although administrative responses are not required to contain the same documentation necessary in litigation, agencies are encouraged to provide requesters "with sufficient detail about the nature of the withheld documents and its exemption claims at the administrative level." *Mead Data Central, Inc. v. United States Department of the Air Force*, 566 F.2d 242, 251 (D.C. Cir. 1977). NTIA failed to provide details related to the nature of the withheld documents and its exemption claims, making it impossible for STTP to evaluate whether NTIA's claims satisfy the elements of any applicable privilege.

II.     Referrals to DHS & DOC

In NTIA's interim response letter dated April 7, 2021 (Exhibit 4), it stated that it would refer eleven (11) records to the Department of Homeland Security and three (3) records to the Department of Commerce "for a direct response" to STTP. STTP has not received any response from the Department of Homeland Security or the Department of Commerce.

A referral is reasonable so long as it does not "lead to improper withholding." *See*, United States Department of Justice Guide to the Freedom of Information Act (posted September 4, 2019). After records are referred, the referring agency "retain[s] the responsibility of defending any agency action taken on those records if the matter proceeds to litigation." *Id*. STTP's request was submitted on January 15, 2021, and NTIA referrals were made on or before April 7, 2021. Given the amount of time that has passed from the date of STTP's initial request, the amount of time since the date of NTIA's

---

records in this letter is 41 and the total number of records provided is 61. In its letter dated April 26, 2021 (Exhibit 5), NTIA stated that its response includes 48 records and that it has provided 91 records in total; however, the sum of the identified records in this letter is 49 and the total number of records provided is 110. Finally, in its final letter dated May 12, 2021 (Exhibit 2), NTIA stated that it has provided a total of 231 records; however, the total number of records provided is 250.

notice of referral, and the failure of either agency to respond to STTP, these documents are being improperly withheld. NTIA retains the responsibility of defending this improper withholding.

III.    Segregability

NTIA has not demonstrated that it attempted to segregate all non-exempt information from the withheld records. FOIA requires that any reasonably segregable portion of a record must be released after deletion of the portions which are exempt. 5 U.S.C. § 552(b).

***

For the foregoing reasons, NTIA should be required to release the withheld documents responsive to STTP's request.

Sincerely,

Jules Zacher
Speaking Truth to Power